**GERON LEGAL ADVISORS LLC**
Yann Geron
370 Lexington Avenue, Suite 1101
New York, New York 10017
(646) 560-3224

**THE LAW OFFICES OF NEAL BRICKMAN, P.C.**
Neal Brickman
The GrayBar Building
420 Lexington Avenue, Suite 2811
New York, New York 10170
(212) 986-6840
*Attorneys for Nancy Stearns and Bellatour, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 7 |
| RICK ALAN DAVIDSON, | Case No. 19-11486 (DSJ) |
| Debtor. | |

------------------------------------------------------------------------X

| | |
|---|---|
| SALVATORE LaMONICA, Solely in His Capacity as Chapter 7 Trustee of the Estate of Rick Alan Davidson | Adv. Pro. No. 21-01131 (DSJ) |
| Plaintiffs, | |
| -against- | |
| NANCY STEARNS AND BELLATOUR, LLC, | |
| Defendants. | |

------------------------------------------------------------------------X

## <u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES</u>

COMES NOW Defendants  Nancy Stearns  ("Nancy") and Bellatour, LLC ("Bellatour"), collectively ("Defendants") by their attorneys, and as for their Answer and Affirmative Defenses to the Complaint (the "Complaint") of Salvatore LaMonica, solely in his capacity as Chapter 7 Trustee ("Plaintiff or Trustee"), states and alleges as follows:

1

## ANSWER TO JURISDICTION

1.      Paragraph 1 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants admit the allegations contained therein, but deny any wrongdoing or liability based on the facts alleged.

2.      Paragraph 2 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants admit the allegations contained therein.

3.      Paragraph 3 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants refer all questions of law to the Court.

4.      Paragraph 4 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants refer all questions of law to the Court.

5.      Paragraph 5 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants refer all questions of law to the Court.

6.      Paragraph 6 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required.

## ANSWER TO PARTIES

7.      Defendants admit each and every allegation contained in paragraph 7 of the Complaint.

8.      Defendants lack knowledge and information sufficient to form a belief as to the

truth of the allegations in paragraph 8 of the Complaint. Further, the Defendants refer all questions of law to the Court.

9.      Defendants admit each and every allegation contained in paragraph 9 of the Complaint and states that Nancy owns a one half interest in the Sag Harbor Property.

10.     Defendants admit each and every allegation contained in paragraph 10 of the Complaint and states that at all times relevant Nancy and the Debtor have lived as husband and wife, sharing expenses and supporting each other.

11.     Defendants admit each and every allegation contained in paragraph 11 of the Complaint and states that it was formed to pay Debtor's various business and personal expenses once he was hired at National Securities as an independent contractor, rather than as a W-2 employee.

## **ANSWER TO GENERAL ALLEGATIONS**

**A.      Answer to The Bankruptcy Filing**

12.     Defendants admit each and every allegation contained in paragraph 12 of the Complaint.

13.     Defendants admit each and every allegation contained in paragraph 13 of the Complaint.

14.     Defendants admit each and every allegation contained in paragraph 14 of the Complaint.

15.     Defendants admit each and every allegation contained in paragraph 15 of the Complaint.

B.      **Answer to Background**

16.     Defendants admit each and every allegation contained in paragraph 16 of the Complaint.

17.     Defendants admit each and every allegation contained in paragraph 17 of the Complaint.

18.     Defendants admit each and every allegation contained in paragraph 18 of the Complaint, but deny that Debtor is indebted to Donna in that amount and states that Debtor has, or will object to Donna's claim.

19.     Defendants admit each and every allegation contained in paragraph 19 of the Complaint, but state that Debtor's alimony obligation was modified downward based upon Debtor's changed circumstances, and that he was, at the time of his bankruptcy filing, attempting to further reduce his alimony obligation to Donna.

20.     Defendants admit each and every allegation contained in paragraph 20 of the Complaint, but state that Debtor's alimony obligation was modified downward based upon Debtor's changed circumstances, and that he was, at the time of his bankruptcy filing, attempting to further reduce his alimony obligation to Donna.

21.     Defendants admit each and every allegation contained in paragraph 21 of the Complaint.

22.     Defendants deny each and every allegation contained in paragraph 22 of the Complaint except admits that Morgan Stanley extended a number of forgivable loans to Debtor, which were to be forgiven over time, or in the event that he was terminated "without case" and, therefore, denies that Debtor was indebted to Morgan Stanley.

23.     Defendants deny each and every allegation contained in paragraph 23, and

specifically, denies that Debtor incurred debts to Morgan Stanley that rendered the Debtor

insolvent. Defendants further state that, at the time Debtor left Morgan Stanley, he had assets

in his Morgan Stanley retirement account that exceeded that amounts outstanding on the

forgivable loans that Morgan Stanley had extended to Debtor.

24.    Defendants admit each and every allegation contained in paragraph 24 of the

Complaint because Debtor voluntarily resigned his position with Morgan Stanley and had

signed on with Jefferies who provided Debtor with a replacement forgivable loan that allowed

him to pay off the Morgan Stanley loan in full and, *inter alia*, fund the divorce settlement he

made with Donna.

25.    Defendants admit each and every allegation contained in paragraph 25 of the

Complaint.

26.    Defendants admit each and every allegation contained in paragraph 26 of the

Complaint, but state that the loan was a forgivable loan, which both parties contemplated

would be forgiven in its entirety.

27.    Defendants admit each and every allegation contained in paragraph 27 of the

Complaint, but refer the Court to the Note for its complete terms.

28.    Paragraph 28 of the Complaint states legal opinions and conclusions of Plaintiff

as to which no answer is required. To the extent that a response is required, Defendants deny

each and every allegation of paragraph 28 of the Complaint, refer all questions of law to the

Court, and state that, until Jefferies declared the Note in default and refused to reasonably

settle it, Debtor was not insolvent.

29.    Defendants admit each and every allegation contained in paragraph 29 of the

Complaint.

5

30.     Defendants deny each and every allegation contained in paragraph 28 of the Complaint and state that Debtor's separation from Jefferies was by mutual agreement.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint and refer to the document referenced therein for a complete and accurate statement of its contents.

32.     Defendants admit each and every allegation contained in paragraph 32 of the Complaint and state that Debtor asserted a counterclaim in that arbitration, seeking in excess of $17 million in damages.

33.     Defendants admit each and every allegation contained in paragraph 33 of the Complaint.

34.     Defendants admit each and every allegation contained in paragraph 34 of the Complaint.

35.     Defendants admit each and every allegation contained in paragraph 35 of the Complaint.

36.     Defendants admit each and every allegation contained in paragraph 36 of the Complaint.

37.     Defendants admit each and every allegation contained in paragraph 37 of the Complaint.

38.     Defendants admit each and every allegation contained in paragraph 38 of the Complaint.

39.     Defendants admit each and every allegation contained in paragraph 39 of the Complaint.

40.     Defendants admit each and every allegation contained in paragraph 40 of the Complaint.

41.     Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 41 of the Complaint, such as the nature of the negotiations between Jefferies and the Plaintiff and whether or not the negotiations between Jefferies and the Plaintiff were conducted at arm's length. Defendants further state that they lacks knowledge or information sufficient to form a belief as to the nature of the investigation, if any, that the Trustee conducted with respect to Jefferies' claims against the Debtor's estate and the Debtor's counterclaims.

42.     Defendants admit each of every allegation contained in paragraph 42 of the Complaint, but state that neither Debtor nor Defendants were a party to these negotiations.

43.     Defendants admit each and every allegation contained in paragraph 43 of the Complaint.

44.     Defendants admit each and every allegation contained in paragraph 44 of the Complaint but state that the Complaint does not recite each and every term of the Stipulation and how it was structured to ensure that it would not negatively impact upon Debtor's ability to continue to earn a living in the securities industry.

45.     Defendants admit each and every allegation contained in paragraph 45 of the Complaint.

46.     Defendants admits each and every allegation contained in paragraph 46 of the Complaint, but state that the Trustee, upon information and belief, made an affirmative decision not to object to Debtor's discharge or his dischargability.

21-01131-dsj   Doc 10   Filed 06/18/21   Entered 06/18/21 18:29:26   Main Document
Pg 8 of 33

C.      **Answer to The Sag Harbor Property**

47.     Defendants admit each and every allegation contained in paragraph 47 of the Complaint.

48.      Defendants admit each and every allegation contained in paragraph 48 of the Complaint and states that Nancy provided the substantial majority of the down payment and closing costs incident to that purchase.

49.     Defendants admit each and every allegation contained in paragraph 49 of the Complaint.

50.     Defendants admit each and every allegation contained in paragraph 50 of the Complaint.

51.     Defendants admit each and every allegation contained in paragraph 51 of the Complaint.

52.     Defendants admit each and every allegation contained in paragraph 52 of the Complaint.

53.     Defendants admit each and every allegation contained in paragraph 53 of the Complaint.

54.     Defendants admit each and every allegation contained in paragraph 54 of the Complaint.

55.     Defendants admit each and every allegation contained in paragraph 55 of the Complaint.

56.     Defendants admit each and every allegation contained in paragraph 56 of the Complaint.

8

57.    Defendants admit each and every allegation contained in paragraph 57 of the Complaint.

58.    Defendants admit each and every allegation contained in paragraph 58 of the Complaint.

59.    Defendants admit each and every allegation contained in paragraph 59 of the Complaint.

60.    Defendants admit each and every allegation contained in paragraph 60 of the Complaint.

61.    Defendants admit each and every allegation contained in paragraph 61 of the Complaint.

62.    Defendants deny each and every allegation contained in paragraph 62 of the Complaint, and states that the Debtor paid the substantial majority of these expenses either directly or through Nancy and Bellatour.

63.    Defendants deny each and every allegation contained in paragraph 63 of the Complaint.

**D.    Answer to Six-Year Direct Transfers to Nancy**

64.    Defendants admit each and every allegation contained in paragraph 64 of the Complaint and states that Exhibit E does not reflect any of the payments that Nancy made to, or for the benefit of, the Debtor.

65.    Defendants admit each and every allegation contained in paragraph 65 of the Complaint.

66.    Paragraph 66 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions of law to the Court.

67.    Defendants deny each and every allegation contained in paragraph 67 of the Complaint.

68.    Defendants deny each and every allegation contained in paragraph 68 of the Complaint.

69.    Defendants deny each and every allegation contained in paragraph 69 of the Complaint, and state that Nancy was not obligated to do so and was never even requested by the Plaintiff to do so.

**E.    Answer to Two-Year Direct Transfers to Nancy**

70.    Defendants admit each and every allegation contained in paragraph 70 of the Complaint and states that Exhibit F does not reflect any of the payments that Nancy made to, or for the benefit of, the Debtor.

71.    Defendants admit each and every allegation contained in paragraph 71 of the Complaint.

72.    Paragraph 72 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions of law to the Court.

73.    Defendants deny each and every allegation contained in paragraph 73 of the Complaint.

74.     Defendants deny each and every allegation contained in paragraph 74 of the Complaint.

75.     Defendants deny each and every allegation contained in paragraph 75 of the Complaint, and state that Nancy was not obligated to do so, and she was never requested to do so by the Plaintiff.

**F.**     **Answer to Direct Transfers to Nancy**

76.     Defendants deny each and every allegation contained in paragraph 76 of the Complaint, but states that Bellatour was formed to pay Debtor's various business and personal expenses once he was hired at National Securities as an independent contractor, rather than as a W-2 employee.

77.     Defendants admit each and every allegation contained in paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions of law to the Court.

79.     Defendants deny each and every allegation contained in paragraph 79 of the Complaint.

80.     Defendants deny each and every allegation contained in paragraph 80 of the Complaint.

81.     Defendants deny each and every allegation contained in paragraph 81 of the Complaint, and state that Nancy was not obligated to do so, and the Plaintiff never requested her to do so.

G.      **Answer to Post-Petition Direct Transfers.**

82.     Defendants admit each and every allegation contained in paragraph 82 of the Complaint.

83.     Paragraph 83 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions of law to the Court.

84.     Defendants deny each and every allegation contained in paragraph 84 of the Complaint, and state that Nancy was not obligated to do so and the Plaintiff has never requested her to do so.

H.      **Answer to Jewelry Purchased and Given to Nancy by the Debtor While He Was Insolvent**

85.     Defendants admit each and every allegation contained in paragraph 85 of the Complaint.

86.     Defendants admit each and every allegation contained in paragraph 86 of the Complaint.

87.     Paragraph 87 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions of law to the Court.

88.     Defendants deny each and every allegation contained in paragraph 88 of the Complaint.

89.      Defendants deny each and every allegation contained in paragraph 89 of the Complaint, and state that Nancy was not obligated to do so.

**I.      Answer to Payments Made by the Debtor on Nancy's American Express Card Within Six Years of the Filing Date.**

90.      Defendants admit each and every allegation contained in paragraph 90 of the Complaint.

91.      Defendants admit each and every allegation contained in paragraph 91 of the Complaint.

92.      Defendants admit each and every allegation contained in paragraph 92 of the Complaint.

93.      Defendants admit that the substantial majority, but not all, of the Six Year AmEx Transfers were made on account of obligation due and owing to AmEx by Nancy.

94.      Paragraph 94 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions of law to the Court.

**J.      Answer to Payments Made by the Debtor on Nancy's American Express Card Within Two Years of the Filing Date**

95.      Defendants admit each and every allegation contained in paragraph 95 of the Complaint.

96.      Defendants admit each and every allegation contained in paragraph 96 of the Complaint.

97.      Defendants admit each and every allegation contained in paragraph 97 of the Complaint.

98.     Defendants admit each and every allegation contained in paragraph 98 of the Complaint.

99.     Paragraph 99 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions of law to the Court.

**K.     Answer to Payments Made by Bellatour on Nancy's American Express Account.**

100.    Defendants admit each and every allegation contained in paragraph 100 of the Complaint.

101.    Defendants admit each and every allegation contained in paragraph 101 of the Complaint.

102.    Defendants admit each and every allegation contained in paragraph 102 of the Complaint.

103.    Paragraph 103 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions of law to the Court.

**L.     Answer to Payments Made by the Debtor on Nancy's American Express Card Post-Petition**

104.    Defendants lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105.    Paragraph 105 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny

each and every allegation of Paragraph 105 of the Complaint and refer all questions of law to the Court.

106.   Defendants deny each and every allegation contained in paragraph 106 of the Complaint, and state that Nancy was not obligated to do so or that Plaintiff ever requested her to do so.

**M.**    **Answer to Payments Made by the Debtor to Nancy's Credit Card Account to J.P. Morgan Chase, N.A.**

107.   Defendants admit each and every allegation contained in paragraph 107 of the Complaint.

108.   Paragraph 108 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions of law to the Court.

109.   Defendants deny each and every allegation contained in paragraph 109 of the Complaint.

110.   Defendants deny each and every allegation contained in paragraph 110 of the Complaint.

**N.**    **Answer to Payments Made by Bellatour on Nancy's Chase Credit Card.**

111.   Defendants admit each and every allegation contained in paragraph 111 of the Complaint.

112.   Paragraph 112 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions

of law to the Court.

113.   Defendants deny each and every allegation contained in paragraph 113 of the
Complaint.

114.   Defendants deny each and every allegation contained in paragraph 114 of the
Complaint.

115.   Paragraph 115 of the Complaint states Plaintiff's definition as used within its
pleadings as to the Six Year Transfers to which no answer is required. To the extent that a
response is required, Defendants deny each and every allegation contained in this Paragraph of
the Complaint and refer all questions of law to the Court.

116.   Paragraph 116 of the Complaint states Plaintiff's definition as used within its
pleadings for "Two-Year Transfers" to which no answer is required. To the extent that a
response is required, Defendants deny each and every allegation contained in this Paragraph of
the Complaint and refer all questions of law to the Court.

**O.**     **Answer to Transfers Within One Year of the Filing Date.**

117.   Defendants admit each and every allegation contained in paragraph 117 of the
Complaint and state that Exhibit N does not reflect any of the payments that Nancy made to,
or for the benefit of, the Debtor.

118.   Paragraph 118 of the Complaint states legal opinions and conclusions of Plaintiff
as to which no answer is required. To the extent that a response is required, Defendants deny
each and every factual allegation and refer all questions of law to the Court.

119.   Defendants deny each and every allegation contained in paragraph 119 of the
Complaint, and state that Nancy was not obligated to do so and the Plaintiff never requested
her to do so.

P.      **Answer to Collection of Rent on the Sag Harbor Property.**

120.    Defendants deny each and every allegation contained in paragraph 120 of the Complaint.

121.    Paragraph 121 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every factual allegation contained therein.

122.    Paragraph 122 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every factual allegation contained therein.

123.    Paragraph 123 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every factual allegation contained therein.

124.    Defendants deny each and every allegation contained in paragraph 124 of the Complaint, and state that Nancy was not obligated to do so.

Q.      **Answer to Reservation of Rights.**

125.    Defendants lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint, and state that, upon information and belief, the Trustee is not conducting any ongoing investigation, but, instead, is relying on Jefferies biased and false factual narrative in making the claims asserted in the Complaint.

126.    Paragraph 126 states a reservation of rights as to claims being plead in the alternative to which no response is required.

## ANSWER TO CLAIMS FOR RELIEF

### CLAIM I
### (Property of the Estate)

127.   With respect to Paragraph 127 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "126" above as if fully set forth herein.

128.   Paragraph 128 of the Complaint states the legal opinions and conclusions of Plaintiff to which no answer is required. To the extent that a response is required, Defendants deny each and every factual allegation and refer all questions of law to the Court.

129.   Paragraph 129 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every factual allegation and refer all questions of law to the Court.

130.   Paragraph 130 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every factual allegation and refer all questions of law to the Court.

131.   Paragraph 131 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

### CLAIM II

### (Post-Petition Transfers Under to 11 U.S.C. § 548(a)(a)(A))

132.   With respect to Paragraph 132 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "131" above as if fully set forth herein.

133.   Defendants admit each and every allegation contained in paragraph 133 of the Complaint.

134.    Defendants deny each and every allegation contained in paragraph 134 of the Complaint.

135.    Defendants deny each and every allegation contained in paragraph 135 of the Complaint.

136.    Defendants deny each and every allegation contained in paragraph 136 of the Complaint, but states .

137.    Paragraph 137 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

## CLAIM III

### (Accounting under 11 U.S.C. § 548(a)(a)(B))

138.    With respect to Paragraph 138 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "137" above as if fully set forth herein.

139.    Defendants admit each and every allegation contained in paragraph 139 of the Complaint.

140.    Paragraph 140 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions of law to the Court.

141.    Defendants admit each and every allegation contained in paragraph 141 of the Complaint.

142.   Defendants deny each and every allegation contained in paragraph 142 of the Complaint.

143.   Paragraph 143 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

## CLAIM IV

### (Fraudulent Transfer Under DCL)

144.   With respect to Paragraph 144 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "143" above as if fully set forth herein.

145.   Defendants admit each and every allegation contained in paragraph 145 of the Complaint.

146.   Defendants deny each and every allegation contained in paragraph 146 of the Complaint, but not all, of the Six Year Transfers were made on account of obligation due and owing to AmEx by Nancy.

147.   Defendants deny each and every allegation contained in paragraph 147 of the Complaint, but states that the substantial majority, but not all, of the Six Year Transfers were made on account of obligation due and owing to AmEx by Nancy.

148.   Defendants deny each and every allegation contained in paragraph 148 of the Complaint.

149.   Paragraph 149 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required,

Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions of law to the Court.

150.   Paragraph 150 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

151.   Paragraph 151 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

## CLAIM V

### (Fraudulent Transfer Under DCL)

152.   With respect to Paragraph 152 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "151" above as if fully set forth herein.

153.   Defendants admit each and every allegation contained in paragraph 153 of the Complaint.

154.   Paragraph 154 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions of law to the Court.

155.   Defendants deny each and every allegation contained in paragraph 155 of the Complaint.

156.   Paragraph 156 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required,

Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

157.   Paragraph 157 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

## CLAIM VI

### (Fraudulent Transfer Under DCL)

158.   With respect to Paragraph 158 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "157" above as if fully set forth herein.

159.   Defendants admit each and every allegation contained in paragraph 159 of the Complaint.

160.   Paragraph 160 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation contained in this Paragraph of the Complaint and refer all questions of law to the Court.

161.   Defendants deny each and every allegation contained in paragraph 161 of the Complaint.

162.   Paragraph 162 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

163.   Paragraph 163 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required,

Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

## CLAIM VII

### (Fraudulent Transfer Under DCL)

164.   With respect to Paragraph 164 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "163" above as if fully set forth herein.

165.   Defendants admit each and every allegation contained in paragraph 165 of the Complaint.

166.   Defendants deny each and every allegation contained in paragraph 166 of the Complaint.

167.   Paragraph 167 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

168.   Paragraph 168 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

## CLAIM VIII

### (Attorneys' Fees Under DCL)

169.   With respect to Paragraph 169 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "168" above as if fully set forth herein.

170.    Defendants deny each and every allegation contained in paragraph 170 of the Complaint.

171.    Paragraph 171 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

172.    Paragraph 172 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

## CLAIM IX

### (Post-Petition Transfers Pursuant to 11 U.S.C. § 549)

173.    With respect to Paragraph 173 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "172" above as if fully set forth herein.

174.    Defendants admit each and every allegation contained in paragraph 174 of the Complaint.

175.    Paragraph 175 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

176.    Paragraph 176 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants refer all questions of law to the Court.

177.    Paragraph 177 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny

the factual allegations contained therein and refer all questions of law to the Court.

## **CLAIM X**

### **(Preferential Transfers Pursuant to 11 U.S.C. § 547)**

178.   With respect to Paragraph 178 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "177" above as if fully set forth herein.

179.   Paragraph 179 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein.

180.   Paragraph 180 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants refer all questions of law to the Court.

181.   Defendants admit each and every allegation contained in paragraph 181 of the Complaint.

182.   Defendants admit each and every allegation contained in paragraph 182 of the Complaint.

183.   Defendants deny each and every allegation contained in paragraph 183 of the Complaint.

184.   Defendants deny each and every allegation contained in paragraph 184 of the Complaint.

185.   Defendants deny each and every allegation contained in paragraph 185 of the Complaint.

186.   Paragraph 186 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

187.   Defendants deny each and every allegation contained in paragraph 187 of the Complaint.

188.   Paragraph 188 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein.

189.   Paragraph 189 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants refer all questions of law to the Court.

190.   Paragraph 190 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants refer all questions of law to the Court.

<strong><u>CLAIM XI</u></strong><br><strong>(Under 11 U.S.C. § 363(h))</strong>

191.   With respect to Paragraph 191 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "190" above as if fully set forth herein.

192.   Paragraph 192 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants refer all questions of law to the Court.

193.   Paragraph 193 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants refer all questions of law to the Court.

194.   Paragraph 194 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, deny each and every allegation of Paragraph 194 of the Complaint and refer all questions of law to the Court.

195.   Paragraph 195 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, deny each and every allegation of Paragraph 195 of the Complaint and refer all questions of law to the Court.

196.   Paragraph 196 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants, deny each and every allegation of Paragraph 196 of the Complaint and refer all questions of law to the Court.

197.   Paragraph 197 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny each and every allegation of Paragraph 197 of the Complaint and refer all questions of law to the Court.

198.   Defendants admit each and every allegation contained in paragraph 198 of the Complaint.

199.   Paragraph 199 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, deny each and every allegation of Paragraph 199 of the Complaint and refer all questions of law to the Court.

## CLAIM XII
### (Accounting Under 11 U.S.C. § 542(a))

200.   With respect to Paragraph 200 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "199" above as if fully set forth herein.

201.   Defendants admit each and every allegation contained in paragraph 201 of the Complaint.

202.   Paragraph 202 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

203.   Paragraph 203 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

## CLAIM XIII
### (Substantive Consolidation)

204.   With respect to Paragraph 204 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "203" above as if fully set forth herein.

205.   Defendants admit each and every allegation contained in paragraph 205 of the Complaint.

206.   Defendants admit each and every allegation contained in paragraph 206 of the Complaint.

207.   Defendants admit each and every allegation contained in paragraph 207 of the Complaint.

208. Defendants admit each and every allegation contained in paragraph 208 of the Complaint.

209. Defendants admit each and every allegation contained in paragraph 209 of the Complaint.

210. Defendants denies each and every allegation contained in paragraph 210 of the Complaint.

211. Defendants admit each and every allegation contained in paragraph 211 of the Complaint.

212. Defendants admit each and every allegation contained in paragraph 212 of the Complaint.

213. Defendants admit each and every allegation contained in paragraph 213 of the Complaint.

214. Defendants deny each and every allegation contained in paragraph 214 of the Complaint.

215. Defendants deny each and every allegation contained in paragraph 215 of the Complaint.

216. Defendants admit each and every allegation contained in paragraph 216 of the Complaint.

217. Defendants deny each and every allegation contained in paragraph 217 of the Complaint.

218. Defendants deny each and every allegation contained in paragraph 218 of the Complaint.

219.   Defendants deny each and every allegation contained in paragraph 219 of the Complaint.

220.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 220 of the Complaint.

221.   Defendants deny each and every allegation contained in paragraph 221 of the Complaint.

222.   Paragraph 222 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

223.   Paragraph 223 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

## CLAIM XIV
### (Alter Ego)

224.   With respect to Paragraph 224 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "223" above as if fully set forth herein.

225.   Defendants admit each and every allegation contained in paragraph 225 of the Complaint.

226.   Defendants deny each and every allegation contained in paragraph 226 of the Complaint.

227.   Paragraph 227 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein.

228.   Paragraph 228 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

## CLAIM XV
### (Disallowance of Claims Under 11 U.S.C. §§ 502(d) and 502(j))

229.   With respect to Paragraph 229 of the Complaint, Defendants hereby incorporate the responses to paragraphs "1" through "228" above as if fully set forth herein.

230.   Defendants admit each and every allegation contained in paragraph 230 of the Complaint.

231.   Paragraph 231 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

232.   Paragraph 232 of the Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendants deny the factual allegations contained therein and refer all questions of law to the Court.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

233.   The claims alleged in the Complaint fail to state any grounds upon which relief can or should be granted by this court against the Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

234.   At all times relevant hereto, the Defendants and the Debtor acted in good faith, without malice, and did not act in a wrongful manner.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

235.    The actions which purportedly give rise to the claims set forth in the Complaint were undertaken in the ordinary course of business within the Defendants and Debtor's normal course of dealings.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

236.    The relief sought by plaintiff is barred by the doctrines of waiver and/or estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

237.    The alleged damages, if any, sustained by plaintiff were caused in whole or in part by the conduct of plaintiff or third-parties, over whom the defendant had no control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

238.    Plaintiff has failed to join all of the necessary and indispensable parties in this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

239.    The claims and causes of action asserted in the Complaint are barred by the applicable statutes of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

240.    At all times relevant hereto, neither the Defendants nor the Debtor acted in a negligent, reckless, or careless manner or in violation of any statute or applicable law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

241.    Debtor was not insolvent at the time of the purported transfers and the transfers did not render him insolvent.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

242.    Neither the Defendants nor the Debtor did constructively or actually defraud, delay, or hinder any creditor.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

243.    The Trustee has not sought or obtained authority to operate any property of the Debtor's estate following his appointment.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

244.    Defendants reserve the right to assert additional affirmative defenses as warranted based on the results of further investigation and discovery in this matter.


Dated:  June 18, 2021

Respectfully submitted,

**GERON LEGAL ADVISORS LLC**

By:  *s/ Yann Geron*
        Yann Geron
        370 Lexington Avenue,
        Suite 1101
        New York, New York 10017
        (646) 560-3224


**THE LAW OFFICES OF**
**NEALBRICKMAN, P.C.**

By:  *s/ Neal Brickman*
        Neal Brickman
        The GrayBar Building
        420 Lexington Avenue, Suite 2811
        New York, New York 10170
        (212) 986-6840
        *Attorneys for Nancy Stearns*
        *and Bellatour LLC*