**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Gary Herbst, Esq.
Lon J. Seidman, Esq.
Tel. 516.826.6500
*Counsel to Salvatore LaMonica, Solely as Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| RICK ALAN DAVIDSON, | Case No. 19-11486 (DSJ) |
| Debtor. | |

------------------------------------------------------------------------x

SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                    Plaintiff,         Adv. Pro. No. 21-01126 (DSJ)

-against-

AMERICAN EXPRESS COMPANY, AMERICAN
EXPRESS TRAVEL RELATED SERVICES
COMPANY, INC., AMERICAN EXPRESS
CREDIT CORPORATION, AMERICAN
EXPRESS NATIONAL BANK F/K/A
AMERICAN EXPRESS CENTURION BANK AND
SUCCESSOR BY MERGER TO AMERICAN
EXPRESS BANK, FSB, and BELLATOUR, LLC,

                    Defendants.

------------------------------------------------------------------------x

SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                                                Adv. Pro. No. 21-01127 (DSJ)

                    Plaintiff,

-against-

HANNAH DAVIDSON,
                    Defendant.

------------------------------------------------------------------------x

SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,    Adv. Pro. No. 21-01128 (DSJ)

                    Plaintiff,

-against-

MAX DAVIDSON,
                    Defendant.

------------------------------------------------------------------------x

```
---------------------------------------------------------------------x
```
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                                         Plaintiff,   Adv. Pro. No. 21-01129 (DSJ)

  -against-

MESKITA LIFESTYLE BRANDS, LLC
AND BELLATOUR, LLC,

                                       Defendants.
```
---------------------------------------------------------------------x
```
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                                         Plaintiff,   Adv. Pro. No. 21-01130 (DSJ)

  -against-

RICK ALAN DAVIDSON,

                                         Defendant.
```
---------------------------------------------------------------------x
```
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,   Adv. Pro. No. 21-01131 (DSJ)

                                         Plaintiff,

  -against-

NANCY STEARNS AND BELLATOUR, LLC,

                                         Defendants.
```
---------------------------------------------------------------------x
```

**CHAPTER 7 TRUSTEE'S REPLY TO OBJECTION TO MOTION SEEKING APPROVAL OF SETTLEMENT STIPULATION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, BY AND AMONG THE CHAPTER 7 TRUSTEE, ON BEHALF OF THE DEBTOR'S ESTATE, AND BELLATOUR, LLC, HANNAH DAVIDSON, MAX DAVIDSON, THE DEBTOR, AND NANCY STEARNS**

Salvatore LaMonica, solely in his capacity as Chapter 7 Trustee ("Trustee") of the Rick Alan Davidson ("Debtor") estate, by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this: (i) reply to the objection ("Objection") of Jefferies LL and Jefferies Group, LL ("Jefferies") to the Trustee's motion (the "Settlement Motion") seeking approval, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") of the stipulation by and between the Trustee and Bellatour, LLC ("Bellatour"), Hannah Davidson ("Hannah"), Max Davidson ("Max"),

2

the Debtor, and Nancy Stearns ("Nancy") (collectively, "Defendants") resolving the Trustee's claims against them in the above-captioned adversary proceedings upon the terms and conditions stated therein ("Stipulation"), and respectfully sets forth as follows:

**PRELIMINARY STATEMENT**

The Trustee's Settlement Motion explains that the Settlement Stipulation would bring in more than $450,000 to the Debtor's estate[1] and that it should be approved because the settlement exceeds the lowest point in the range of reasonableness as required by Bankruptcy Rule 9019.

Jefferies--essentially seeking to substitute its business judgment for that of the Trustee– has objected to the proposed settlement.

Tellingly, none of the Debtor's other creditors--including the Debtor's ex-spouse who has a priority claim for approximately $1,140,000.00 for domestic support obligations--has any objection to the Settlement Motion. Thus, even if the Trustee were to prosecute to conclusion and recover every dollar sought in each of the pending adversary actions, after factoring the DSO claim and the administrative claims, Jeffries would not receive a distribution on account of its claims. Yet Jefferies, an unsecured creditor in the midst of non-dischargeability and other heated litigation with the Debtor, wants the Trustee to spend more estate funds to continue to litigate these matters, even though the outcomes are highly uncertain.

For these reasons, and as further explained below, it is respectfully submitted that the Objection should be overruled and the Settlement Motion be granted.

---

[1] The Jefferies Objection overlooks that as part of the Settlement the Debtor also agreed to waive his claim of an exemption in the Debtor's pending personal injury action that is valued at approximately $25,000.00.

## BACKGROUND

### A. The Adversary Proceedings and the Proposed Settlement

1. In May 2021, the Trustee commenced six adversary proceedings seeking to, among other things, avoid and recover funds transferred to or for the benefit of, among other parties, the Defendants.

2. In each of the proceedings, the Defendants[2] denied any liability to the Trustee and asserted, among other things, that at the time of the transactions at issue the Debtor was not insolvent.

3. After engaging in document and deposition discovery, the Trustee agreed as a product of arms-length negotiations, to a proposed settlement and resolution of the claims upon the terms and conditions set forth in the stipulation of settlement ("Stipulation"), annexed to the Settlement Motion as Exhibit "A." The Stipulation provides that the sum of $450,000.00 ("Settlement Sum") shall be paid to the Trustee in full and final satisfaction of the claims asserted in his complaint or that could have been asserted by him as against the Defendants. The Settlement Sum has been paid to the Trustee and being held in his accounts pending the Court's determination of the Settlement Motion.

4. The Settlement Motion explains how the Trustee determined, in his reasonable business judgment, with specific information provided for each of the proceedings, that the proposed settlement is fair and reasonable within the standards prescribed by Bankruptcy Rule 9019.

---

[2] Unless otherwise defined, capitalized terms shall have the meanings given in the Settlement Motion or Stipulation of Settlement annexed as Exhibit "A" to the Settlement Motion.

B. **The Objection Lacks Merit**

5. By its Objection, Jefferies asserts three main arguments. None warrant rejection of the Trustee's business judgment. Each is addressed below.

6. First, Jefferies claims that there is substantial equity in the Sag Harbor Property, based on an alleged $4.592 million value of the Property,[3] which alleged value is based on "a copy of screenshots from the Zillow.com webpage" (Obj. at ¶11). However, courts have repeatedly found Zillow.com to be inherently unreliable. See, e.g., Decision and Order, In re Miroslav J. Bartonik, Case No.: 13-75485-AST, Doc. No. 14, dated April 10, 2015 ("Courts presented with this type of value evidence have rejected it, noting that Zillow.com is inherently unreliable, because it is a participatory site almost like Wikipedia. Whereas Wikipedia allows anyone to input or change specific entries, Zillow allows homeowners to do so.") (quoting and citing In re DaRosa, 442 B.R. 173, 177 (Bankr. D. Mass. 2010); Debilio v. Golden (In re Debilio), 2014 Bankr. LEXIS 3886, at *19 (B.A.P. 9th Cir. Sept. 11, 2014); In re Cocreham, 2013 Bankr. LEXIS 3537, at *8-9 (Bankr. E.D. Cal. Aug. 23, 2013); In re Slovak, 489 B.R. 824, 826 (D. Minn. 2013).

7. Second, Jefferies claims Stearns has not produced evidence that Stearns provided financial support for the house. But there is such evidence. See Stearns Decl.[4] at ¶25.

8. Third, Jefferies claims there is no evidence that the Debtor's payments of personal credit card charges incurred by Hanna and Max Davidson (the Debtor's son and daughter) were not in the nature of support obligations. But again, there is such evidence.[5]

---

[3] In contrast with Jefferies' proffer of a Zillow.com webpage, Nancy Stearns submitted with her September 23, 2022 Declaration (at Ex. E) a copy of a real estate appraisal that valued the Property at $2.5 million as of June 29, 2020.

[4] "Stearns Decl." refers to the Declaration of Nancy Stearns dated October 13, 2022 [Adv. Pro. Dkt. 31].

[5] At her deposition, Hanna Davidson testified as follows:
Q. For how long a period were you making use of the card?
A. About four or five years.
Q. So is your recollection that you used the card from roughly when you were fifteen to around the time you were twenty?
A. Yeah, I think maybe until I was a little older. I don't remember when I stopped using it. But a little older than twenty.
Q. With respect to the charges that you made on that card, who paid for those charges?

C.  **The Settlement Satisfies Rule 9019**

9. Rule 9019 of the Federal Rules of Bankruptcy Procedure and the Iridium factors[6] support a grant of the Settlement Motion.

10. Here, it remains the Trustee's judgment that the Settlement Stipulation is reasonable. The outcome of these multiple litigations would be uncertain; the Trustee would need to prove the Debtor's insolvency at multiple points in time and there would be expense, inconvenience, delay and potential difficulty in collecting judgments; the Settlement Stipulation was the product of arms-length negotiations between competent and experienced counsel. Further, the largest priority creditor of the Debtor's estate who has the primary interest in the Settlement Sum, the Debtor's former spouse, with an asserted DSO of approximately $1,140,000.00, has not filed any objection to the proposed settlement. Equally important, nor have any other creditors.

11. Moreover, Jefferies, despite having ample opportunity to make a proposal to the Trustee to acquire the estate's claims and assets being settled for an amount greater than the proposed Settlement Sum, has chosen not to do so. Under the circumstances, the Trustee has made a sound and reasonable business decisions to reach the instant settlement.

---

A. My dad.
Q. What was the name nature of the charges that you made during the period of time that had you that card?
A. Mostly just food, gas, housing, I was in high school. And college. Medical expenses. Occasional clothing, mostly just living necessities that my parents helped supporting me.
(12/15/21 Depo. Transcript, at pp. 14-15)

Similarly, at his deposition, Max Davidson testified as follows:
Q. During the period of time that you held one or more American Express cards issued on your father's account, did you make use of those cards to make charges?
A. Yes.
Q. What did you use the credit cards for?
A. I don't recall specifics. Generally, things like fuel for my car, food. It was a form of financial support that I had been receiving for a long time, and to the best of my knowledge, was pursuant to the agreement my parents worked out when they got divorced….
(12/9/21 Depo. Transcript, at pp. 20-21)

[6] See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007).

**D. The Proposed Modifications to the Order Are Acceptable**

12. Jefferies' two proposed modifications to the proposed order approving the Settlement Stipulation are either moot[7] or acceptable[8] to the Trustee.

## CONCLUSION

**WHEREFORE,** the Trustee respectfully requests that the Court grant the relief requested in the Settlement Motion and such other and further relief as it deems just and proper.

Dated: October 21, 2022
      Wantagh, New York

                                    **LaMONICA HERBST & MANISCALCO, LLP**
                                    Counsel to Salvatore LaMonica, solely as Chapter 7 Trustee

By: *s/Lon J. Seidman*
      Gary F. Herbst, Esq.
      Lon J. Seidman, Esq.
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      Telephone: 516.826.6500

---

[7] Jefferies' request that Stearns provide evidence that she is the source of the settlement funds is now moot. Stearns has sworn to that being the case. See Stearns Decl. at ¶¶ and Exs. "A" through "D" thereto.

[8] Jefferies' request that the proposed order state that it shall have no impact on Jefferies' claims against the Debtor is acceptable to the Trustee. The Trustee is prepared to submit a revised proposed order that makes that clear.