```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                    Chapter 7

RICK ALAN DAVIDSON,                                                       Case No. 19-11486 (DSJ)

                        Debtor.
------------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                        Plaintiff,                                        Adv. Pro. No. 21-01126 (DSJ)

        -against-

AMERICAN EXPRESS COMPANY, AMERICAN
EXPRESS TRAVEL RELATED SERVICES
COMPANY, INC., AMERICAN EXPRESS
CREDIT CORPORATION, AMERICAN
EXPRESS NATIONAL BANK F/K/A
AMERICAN EXPRESS CENTURION BANK AND
SUCCESSOR BY MERGER TO AMERICAN
EXPRESS BANK, FSB, and BELLATOUR, LLC,

                        Defendants.
------------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,
                                                                          Adv. Pro. No. 21-01127 (DSJ)
                        Plaintiff,
        -against-

HANNAH DAVIDSON,
                        Defendant.
------------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,                 Adv. Pro. No. 21-01128 (DSJ)

                        Plaintiff,
        -against-

MAX DAVIDSON,
                        Defendant.
------------------------------------------------------------------------x
```

----------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,    Adv. Pro. No. 21-01129 (DSJ)

                        Plaintiff,

   -against-

MESKITA LIFESTYLE BRANDS, LLC
AND BELLATOUR, LLC,

                        Defendants.
----------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                        Plaintiff,    Adv. Pro. No. 21-01130 (DSJ)

   -against-

RICK ALAN DAVIDSON,

                        Defendant.
----------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity            Adv. Pro. No. 21-01131 (DSJ)
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                        Plaintiff,

   -against-

NANCY STEARNS AND BELLATOUR, LLC,

                        Defendants.
----------------------------------------------------------------------x

**ORDER, PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AUTHORIZING AND APPROVING
THE STIPULATION OF SETTLEMENT BY AND AMONG THE CHAPTER 7 TRUSTEE, ON
BEHALF OF THE DEBTOR'S ESTATE, AND BELLATOUR, LLC, HANNAH DAVIDSON,
MAX DAVIDSON, THE DEBTOR, AND NANCY STEARNS**

Upon the notice of motion and motion ("Motion") of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the estate of Rick Alan Davidson, by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking the Court's authorization and approval of a stipulation of settlement (the "Stipulation of Settlement") by and between the Chapter 7 Trustee, on behalf of the Debtor's estate, and Bellatour, LLC, Hannah Davidson, Max Davidson, the Debtor, and Nancy Stearns [Dkt No. 26]; and upon the Affidavit of

Service of the Motion [Dkt No. 27]; and Jefferies LLC and Jefferies Group LLC ("Jefferies") having filed an Objection to the Motion [Dkt. No. 28]; and Nancy Stearns having filed a Declaration in support of the Motion [Dkt. No. 30]; and the Trustee having filed a Reply in support of the Motion [Dkt. No. 31]; and the Motion having been heard by the Honorable David S. Jones, United States Bankruptcy Judge at the United States Bankruptcy Court for the Southern District of New York on October 25, 2022 (the "Hearing"); and counsel for the parties having been heard at the Hearing, the record of which is incorporated by reference, and the Objection of Jefferies having been overruled **for reasons stated by the Court on the record**; it is hereby **[DSJ 10/27/22]**

**ORDERED**, that the Stipulation of Settlement annexed as Exhibit "A" is hereby approved; and, it is further

**ORDERED**, that the above captioned adversary proceedings are dismissed with prejudice; and, it is further

**ORDERED**, that nothing in the annexed Stipulation of Settlement or this Order releases or affects any of Jefferies' direct claims against the Debtor or the claims that Jefferies has asserted against the Debtor in the Complaint in Adversary Proceeding No. 19-01395 before this Court, nor shall the annexed Stipulation of Settlement or this Order be used as a defense to, or otherwise affect those claims by Jefferies; and, it is further

**ORDERED**, that the Trustee is authorized and empowered to do such things, and expend such funds and execute and deliver such documents as are reasonably necessary to implement the terms of this Order and the Stipulation of Settlement.

Dated: New York, New York
October 27, 2022

                                                 *s/ David S. Jones*
                                                 Honorable David S. Jones
                                                 United States Bankruptcy Judge

**Exhibit "A"**

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Salvatore LaMonica, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
David A. Blansky, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:

RICK ALAN DAVIDSON,

       Debtor.
------------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

       Plaintiff,

 -against-

AMERICAN EXPRESS COMPANY, AMERICAN
EXPRESS TRAVEL RELATED SERVICES
COMPANY, INC., AMERICAN EXPRESS
CREDIT CORPORATION, AMERICAN
EXPRESS NATIONAL BANK F/K/A
AMERICAN EXPRESS CENTURION BANK AND
SUCCESSOR BY MERGER TO AMERICAN
EXPRESS BANK, FSB, and BELLATOUR, LLC,

       Defendants.
------------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

       Plaintiff,

 -against-

HANNAH DAVIDSON,

       Defendant.
------------------------------------------------------------------------x

Chapter 7

Case No. 19-11486 (DSJ)

Adv. Pro. No. 21-01126 (DSJ)

Adv. Pro. No. 21-01127 (DSJ)

```
---------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                              Plaintiff,              Adv. Pro. No. 21-01128 (DSJ)
        -against-

MAX DAVIDSON,

                              Defendant.
---------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                              Plaintiff,              Adv. Pro. No. 21-01129 (DSJ)
        -against-

MESKITA LIFESTYLE BRANDS, LLC
AND BELLATOUR, LLC,

                              Defendants.
---------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                              Plaintiff,              Adv. Pro. No. 21-01130 (DSJ)
        -against-

RICK ALAN DAVIDSON,

                              Defendant.
---------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                              Plaintiff,              Adv. Pro. No. 21-01131 (DSJ)
        -against-

NANCY STEARNS AND
BELLATOUR, LLC,

                              Defendants.
---------------------------------------------------------------------x
```

## STIPULATION OF SETTLEMENT

**WHEREAS**, on May 7, 2019 ("Filing Date"), a voluntary petition was filed by Rick Alan Davidson ("Debtor") for relief pursuant to Chapter 7 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code"); and

**WHEREAS**, on the Filing Date the Debtor and Nancy Stearns ("Nancy"), his girlfriend, were the owners of certain real property known as, and located at, 39 Tyndall Road, Sag Harbor, New York, as joint tenants with rights of survivorship (the "Sag Harbor Property"); and

**WHEREAS**, the Sag Harbor Property is encumbered by a first mortgage lien and second position home equity line of credit, for which the aggregate principal balance due as of June 1, 2022 was approximately $2,141,140; and

**WHEREAS**, on November 7, 2019, the Debtor, through counsel, filed a motion to convert his Chapter 11 case to one under Chapter 7 of the Bankruptcy Code; and

**WHEREAS**, by Order of Court dated December 3, 2019, the Debtor's case was converted to one under Chapter 7; and

**WHEREAS**, on December 6, 2019, the United States Trustee appointed Salvatore LaMonica ("Trustee") as interim trustee in the Debtor's case, and he has since qualified and is acting as the permanent Trustee of the estate; and

**WHEREAS**, during his investigation of the Debtor's financial affairs, the Trustee determined that prior to and following the Filing Date, the Debtor made certain payments to or for the benefit of multiple parties, including, but not limited to, himself, Hannah Davidson ("Hannah"), Max Davidson ("Max"), Nancy, and Bellatour, LLC ("Bellatour"); and

**WHEREAS,** on May 5, 2021, the Trustee commenced adversary proceedings to avoid and recover funds transferred to or for the benefit of, among other parties, Hannah, Max, the Debtor, Nancy, and Bellatour (the "Defendants") by the filing of complaints; and

**WHEREAS,** under adversary proceeding no. 21-01126 (DSJ) (the "AmEx Proceeding"), the Trustee sued American Express Travel Related Services Company, Inc., American Express Credit Corporation, American Express Company, and American Express National Bank, formerly known as American Express Centurion Bank and successor by merger to American Express Bank, FSB (collectively, "American Express") to avoid more than $600,000 in transfers made by the Debtor within six years of the Filing Date and after the Filing Date; and

**WHEREAS**, Bellatour was named as a defendant in the AmEx Proceeding as an alleged pass-through entity for the Debtor's payment of $41,000.00 to American Express; and

**WHEREAS,** under adversary proceeding no. 21-01127 (DSJ) (the "Hannah Proceeding"), the Trustee sued Hannah, the Debtor's daughter, to avoid $15,601.44 in transfers made by the Debtor within six years of the Filing Date to pay for credit card charges incurred by Hannah; and

**WHEREAS,** under adversary proceeding no. 21-01128 (DSJ) (the "Max Proceeding"), the Trustee sued Max, the Debtor's son, to avoid $18,686.31in transfers made by the Debtor within six years of the Filing Date to pay for credit card charges incurred by Max; and

**WHEREAS,** under adversary proceeding no. 21-01129 (DSJ) (the "Meskita Proceeding"), the Trustee sued Meskita Lifestyle Brands, LLC ("Meskita") to avoid more than $500,000 in transfers made by the Debtor within six-years of the Filing Date; and

**WHEREAS**, Bellatour was named as a defendant in the Meskita Proceeding as an alleged pass-through entity for the Debtor's payment of an additional $97,000.00 to Meskita; and

**WHEREAS,** under adversary proceeding no. 21-01130 (DSJ) (the "Rick Proceeding"), the Trustee sued the Debtor to avoid and recover a post-petition transfer of $55,000.00 made into his IRA account and for his share of any post-petition rents collected in connection with the Sag Harbor Property; and

**WHEREAS,** under adversary proceeding no. 21-01131 (DSJ) (the "Nancy Proceeding"), the Trustee sued Nancy to avoid and recover transfers of money and property having a value of no less than $721,925.76 made within two-years of the Filing Date, to avoid and recover no less than $71,702.01 in transfers made after the Filing Date, and to compel the sale of the Sag Harbor Property under Section 363(h), free and clear of all liens, claims and encumbrances, and to pay Nancy her distributive interest from the proceeds of sale; and

**WHEREAS,** following service of the complaints with summons on the Defendants, each interposed an answer with affirmative defenses on or about June 21, 2021, by common counsel; and

**WHEREAS,** with respect to all the aforementioned adversary proceedings the Defendants denied any liability to the Trustee and asserted, among other things, that at the time of the transactions at issue the Debtor was not insolvent; and

**WHEREAS,** with respect to the Hannah Proceeding and the Max Proceeding, Hannah and Max asserted, among other things, that the Debtor received reasonably equivalent value and/or fair consideration because he was legally obligated to pay for such charges pursuant to his matrimonial settlement with his former spouse, Hannah and Max's mother; and

**WHEREAS,** with respect to the Rick Proceeding, the Debtor asserted, among other things, that the post-petition deposit into his IRA was made within the ordinary course and did not require court approval as he had made comparable deposits in all of the years prior to the Filing Date; and

**WHEREAS,** with respect to the AmEx Proceeding and the Meskita Proceeding, Bellatour asserted, among other things, that it was merely a conduit for the transfers made to the co-defendants named therein; and

**WHEREAS**, with respect to the Nancy Proceeding, Nancy asserted, among other things, that the transfers made to or for her benefit resulted in direct or indirect consideration to the Debtor to the extent they arose from rent on his New York City apartment or related to the mortgages payments, taxes, insurance, upkeep and household expenses for the Sag Harbor Property such that he received reasonably equivalent value or fair consideration for nearly all of the transfers in dispute; and

**WHEREAS**, the Trustee served discovery demands on the Defendants and a non-party subpoena on the Debtor in the adversary proceedings in which he was not a named party; and

**WHEREAS,** Hannah and Max were deposed in December 2021; and

**WHEREAS,** on March 31, 2022, the Trustee was granted leave to file and serve amended complaints against Hannah and Max; and

**WHEREAS,** on March 31, 2022, the Trustee filed amended complaints against Hannah and Max by which the amount of the transfers he sought to recover was increased to $57,483.27 (the "Hannah Transfers") and $58,932.03 (the "Max Transfers"), respectively; and

**WHEREAS**, on April 8, 2022, Hannah and Max each filed an answer with affirmative defenses to the amended complaints asserting the same defenses as in their original answers; and

**WHEREAS,** the Court has intervened in certain discovery disputes between the Trustee and certain of Defendants; and

**WHEREAS,** following joinder of the issue and initial document discovery, the Trustee and the Defendants (each a "Party" and collectively, "Parties"), by their respective counsel, entered into discussions to globally resolve the Trustee's claims against the Defendants; and

6

**WHEREAS,** as a product of those discussions, the Parties agreed to the following settlement and resolution of the claims asserted by the Trustee against the Defendants upon the terms and conditions set forth in this stipulation (the "Stipulation").

**NOW, THEREFORE**, in consideration of the promises, covenants, and undertakings herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed by and between the Parties as follows:

1. The Defendants shall pay to the Trustee the sum of $450,000.00 (the "Settlement Sum") in full and final satisfaction of the claims asserted by him against Hannah, Max, the Debtor, Nancy, and Bellatour in the AmEx Proceeding, Hannah Proceeding, Max Proceeding, Meskita Proceeding, Rick Proceeding and Nancy Proceeding and in exchange the transfer of all of the Debtor's right, title and interest in the Sag Harbor Property to Nancy.

2. The Settlement Sum shall be paid to "Salvatore LaMonica, as Chapter 7 Trustee of Rick Alan Davidson" so as to be received by him within seven (7) days of the execution of this Stipulation by the undersigned parties. The Trustee shall hold the Settlement Sum in a separate estate account until the Court enters an order under Bankruptcy Rule 9019 authorizing and approving this Stipulation (the "Approval Order") and the Approval Order becomes final and non-appealable. In the event that the Court does not approve this Stipulation or there is a final, non-appealable order of an appellate court reversing the Approval Order, the Trustee shall return the Settlement Sum to the party that paid it, and this Stipulation shall be null and void with the Parties returning to their original respective positions with no rights waived. The Trustee agrees, within twenty (20) days of his receipt of the Settlement Sum, to file a motion under Bankruptcy Rule 9019 seeking authorization and approval of this Stipulation and shall set that motion for hearing at the earliest possible date.

3.      Upon the Approval Order becoming final and non-appealable, and receipt and clearance of the Settlement Sum in the Trustee's account, the Trustee, on behalf of himself, the Debtor's estate, and his past, present, and future agents, representatives, administrators, executors, heirs devises, predecessors, successors, and assigns, (collectively, the "<u>Releasing Parties</u>"), shall be deemed to release and forever discharge the Defendants and their respective past, present, and future employees, stockholders, officers, directors, partners, agents, brokers, contractors, servants, affiliates, subsidiaries, parents, departments, divisions, insurers, attorneys, predecessors, successors and assigns (collectively, the "<u>Released Parties</u>"), and each of them, jointly and severally, from any and all claims or counterclaims, causes of action, remedies, damages, liabilities, debts, suits, demands, actions, costs, expenses, fees, controversies, set-offs, third party actions or proceedings of whatever kind or nature, whether at law, equity, administrative, arbitration or otherwise, whether known or unknown, foreseen or unforeseen, accrued or unaccrued, suspected or unsuspected, which the Trustee or any of the Releasing Parties may now have or have ever had against any and each of the Released Parties, without exception or limitation, including, but not limited to, any and all claims asserted against them in the above-captioned adversary proceeding or for attorney's fees or costs relating thereto, or any other claims under Chapter 5 of the Bankruptcy Code or comparable state statutes. Upon the Approval Order becoming final and non-appealable and the Settlement Sum clearing the Trustee's account, the Releasing Parties acknowledge that they, collectively and individually, shall have no further claims of any sort against the Defendants.

4.      Simultaneous with the execution of this Stipulation, the Trustee shall forward an unsigned Trustee's deed, in recordable form, by which he conveys whatever right, title and interest in the Sag Harbor Property held by the Debtor's estate and the Debtor as of the Filing Date to

Nancy (the "Trustee's Deed"). Nancy can forward that unsigned Trustee's Deed to her title company to confirm that it is in recordable form or is in need of revision or supplementation. Upon the Approval Order becoming final and non-appealable, and receipt and clearance of the Settlement Sum in the Trustee's account, the Trustee shall execute and deliver the Trustee's Deed to Defendants' attorney, Neal Brickman of the Law Offices of Neal Brickman, P.C. Neither the Trustee nor the Debtor's estate shall have any obligation to record the Trustee's Deed or pay any transfer tax or recording fees that might be incurred in recording the Trustee's Deed, which Nancy may elect to record at her own expense. If she elects to record the Trustee's Deed, Nancy must take the necessary steps do so within fifteen (15) business days of her receipt of the Trustee's Deed from her attorney. The Trustee shall execute such additional documents and revisions to the Trustee's Deed as consistent with the terms of this Stipulation, and otherwise timely cooperate with Nancy, so as to allow Nancy to record the Trustee's Deed and acquire title to the Sag Harbor Property in her name only.

5. Upon execution of this Stipulation, the Defendants shall be deemed to waive and release any and all claims they have or may have against the Trustee, the Debtor or the Debtor's estate of whatever kind or nature, whether claimed or unclaimed, filed or unfiled, liquidated or unliquidated, known or unknown, suspected or unsuspected, anticipated or unanticipated, contingent or fixed, including, but not limited to, right to file a proof of claim in the amount of the Settlement Sum pursuant to Section 502(h) of the Bankruptcy Code.

6. As further consideration for the settlement memorialized in the Stipulation, the Debtor waives any claim to an exemption in and to the proceeds of any settlement or recovery in the personal injury action against Jared Epstein identified on Schedule A/B to his Petition and agrees to cooperate to the fullest reasonable extent in the prosecution of that claim by, among other

9

things, providing testimony as and when required.

7. As further consideration for the settlement memorialized in the Stipulation, the Debtor also waives any right to assert a homestead exemption in and to the Settlement Sum.

8. Nothing contained herein shall be considered a release by the Trustee of claims as against any party other than those expressly defined as the "Defendants" for the purposes of this Stipulation.

9. Nothing contained herein shall be considered a release by the Trustee of any co-defendant named in any of the above-captioned adversary proceedings.

10. The Trustee shall be authorized to do such things, execute such documents and expend such funds as may be reasonably necessary to effectuate the terms and conditions of this Stipulation.

11. The Parties hereby expressly agree and understand that nothing in this Stipulation shall constitute any admission or acknowledgement of liability on the part of the Defendants.

12. The Parties acknowledge that they or their attorneys may hereafter discover facts different from or in addition to the facts that they now know or believe to be true as to the subject matter of this Stipulation, but that it is their intention to hereby fully and finally release the claims set forth herein, notwithstanding the discovery of any such different or additional facts.

13. This Stipulation shall be binding upon the parties' heirs, successors and/or assigns and shall inure to the benefit of the Parties' heirs, successors and/or assigns.

14. The Parties shall bear their respective costs, expenses, and attorneys' fees incurred in connection with this Stipulation and the above-referenced adversary proceedings.

15. This Stipulation contains the entire understanding of the Parties hereto and supersedes all prior understandings and agreements, whether written or oral, between the Parties.

16. This Stipulation may not be altered, modified or changed, unless in writing and signed by all the Parties hereto.

17. By signing this Stipulation, each of the Parties hereto acknowledges that each has read all of the terms of the Stipulation and enters into its terms voluntarily and without duress, and each has the authority to bind itself to this Stipulation.

18. This Stipulation shall be deemed to have been jointly drafted by the Parties in construing and interpreting this Stipulation. No provision shall be construed and interpreted for or against any of the Parties because such provision, or any other provision of this Stipulation, or the Stipulation as a whole, was recorded, prepared, or requested by such party.

19. The Parties irrevocably consent to the exclusive jurisdiction of the Court with respect to any proceeding to adjudicate any dispute concerning, or to enforce the terms and provisions of, this Stipulation.

20. This Stipulation may be signed in multiple counterparts and by facsimile or electronically transmitted signature, if necessary, each of which, when taken together, shall constitute one original document.

July 27, 2022

| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP**<br>*Attorneys for the Chapter 7 Trustee* | **The Law Offices of Neal Brickman, P.C.**<br>*Attorneys for the Defendants* |
| By: *s/David A. Blansky*<br>David A. Blansky, Esq.<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Tel. (516) 826-6500 | By: *s/Neal Brickman*<br>Neal Brickman, Esq.<br>The Graybar Building<br>420 Lexington Avenue, Suite 2811<br>New York, New York 10170<br>Tel. (212) 986-6840 |

Dated: July 26, 2022  *s/Hannah Davidson*
HANNAH DAVIDSON

Dated: July 26, 2022  *s/Max Davidson*
MAX DAVIDSON

Dated: July 26, 2022  *s/Rick Alan Davidson*
RICK ALAN DAVIDSON, Individually and on behalf of Bellatour, LLC

Dated: July 26, 2022  *s/Nancy Stearns*
NANCY STEARNS